Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

| FILED | RECEIVED |
| ENTERED | SERVED |

COUNSEL/PARTIES OF RECORD

**JUL 2 0 2022**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY
Paula Conner

# UNITED STATES DISTRICT COURT

for the

District of Nevada

NEVADA Division

**2:22-cv-01160-APG-EJY**

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☑ No

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

–v–

Southwest Airlines Company, Gary C. Kelly,
Robert E. Jordan, Mike Van de Ven,Steve Goldberg,
Sonya Lacore

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

## COMPLAINT FOR A CIVIL CASE

I.  **The Parties to This Complaint**  See Attached Complaint

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint.  Attach additional pages if
   needed.

   | | |
   |---|---|
   | Name | Paula: Conner |
   | Street Address | c/o 6170 South Boulder Highway,  Apt 2080 |
   | City and County | Las Vegas, Clark County |
   | State and Zip Code | Nevada  89122 |
   | Telephone Number | 312-804-3692 |
   | E-mail Address | paula737800@icloud.com |

   B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an
   individual, a government agency, an organization, or a corporation.  For an individual defendant,
   include the person's job or title *(if known)*.  Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | Southwest Airlines Company, and Gary Kelly, |
| Job or Title *(if known)* | Chairman & CEO,  Executive Chairman |
| Street Address | 2702 Love Field Drive HDQ 1EO |
| City and County | Dallas |
| State and Zip Code | Texas  75235 |
| Telephone Number | 214-792-4363 |
| E-mail Address *(if known)* | Gary.Kelly@wnco.com |

**Defendant No. 2**

| | |
|---|---|
| Name | Robert E. Jordan, |
| Job or Title *(if known)* | Chief Executive  Officer, Chairman & CEO |
| Street Address | 2702 Love Field Drive HDQ 1EO |
| City and County | Dallas |
| State and Zip Code | Texas  75235 |
| Telephone Number | 214-792-5053 |
| E-mail Address *(if known)* | Bob.Jordan@wnco.com |

**Defendant No. 3**

| | |
|---|---|
| Name | Mike.Van De Ven |
| Job or Title *(if known)* | President & Chief Operating Officer, Operations Division |
| Street Address | 2702 Love Field Drive HDQ 1EO |
| City and County | Dallas |
| State and Zip Code | Texas  75235 |
| Telephone Number | 214-792-4740 |
| E-mail Address *(if known)* | mike.VanDeVen@wnco.com |

**Defendant No. 4**

| | |
|---|---|
| Name | Sonya Lacore |
| Job or Title *(if known)* | Vice President of Inflight Operations |
| Street Address | 2702 Love Field Drive HDQ 1EO |
| City and County | Dallas |
| State and Zip Code | Texas  75235 |
| Telephone Number | 214-382-4561 |
| E-mail Address *(if known)* | Sonya.Lacore@wnco.com |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 5

    Name                              Steve Goldberg

    Job or Title *(if known)*      SVP Operations & Hospitality;

    Street Address             2702 Love Field Drive HDQ 1EO

    City and County          Dallas

    State and Zip Code       Texas  75235

    Telephone Number       214-382-5237

    E-mail Address *(if known)*  Steve.Goldberg@wnco.com

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Violations of Default, 13th Amendment, Emergency Usage Authorization (EUA) Title 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(I-III) of the Federal Food,Drug, and Cosmetic Act,Title 42 U.S. Code § 3617, Title 21 Code of Federal Regulations Section 50.23, & 24: Coercion, Interference, intimidations, Threats, to participate in a experiment: U.S.C. 18 § 242, Deprivation of rights under the color of law

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

a.     If the plaintiff is an individual

The plaintiff, *(name)*  Paula: Conner                        , is a citizen of the State of *(name)*  Nevada                        .

b.     If the plaintiff is a corporation

The plaintiff, *(name)*                            , is incorporated under the laws of the State of *(name)*                            , and has its principal place of business in the State of *(name)*                            .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

a.     If the defendant is an individual

The defendant, *(name)*  See Defendant(s) No 1-5          , is a citizen of the State of *(name)*  Texas                   . Or is a citizen of *(foreign nation)*                            .

b.    If the defendant is a corporation

The defendant, *(name)* Southwest Airlines Company _____ , is incorporated under
the laws of the State of *(name)* Dallas Texas _____ , and has its
principal place of business in the State of *(name)* Texas _____ .
Or is incorporated under the laws of *(foreign nation)* _____ ,
and has its principal place of business in *(name)* Southwest Airlines Company _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the
same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at
stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Five Million, $5,000,000 US dollars Fail to respond to Affidavit after 21 days, date: January 03,
2022,
Certified Mailed NOTICE OF DEFAULT INTRODUCTION, March 02,2022

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the
facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was
involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including
the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and
write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

1. May 11th 2020-current. Executive leader of Southwest Airlines:Gary Kelly, Robert E. Jordan, Mike.Van de Ven,
Steve Goldberg, Sonya Lacore, issued an unlawful policy to "Mandate" or "Force" all employee to wear an EUA
product, (i.e.) face-mask, in airports, crew lounges, onboard the aircraft, and company provided hotel shuttles;
prohibiting me from breathing fresh air into my lungs, 2) On 10/14/2021 Southwest Airlines Executive leaders
mandated all employees to get vaccinated with the EUA; experimental Covid-19 "Alleged Vaccine." These
policies violate my Human and Civil Rights.
I sent Southwest Airlines Executive Staff leaders January 31, 2022 an Affidavit of Proof of Claim. (SEE €X h'8'T 1

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal
arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include
the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any
punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
punitive money damages.

Relief
By means of Affidavit, I presented Southwest Airlines Executive Leaders; Gary Kelly, Robert E. Jordan, Mike.Van
de Ven, Steve Goldberg, Sonya Lacore, to defend their actions as Leaders of Southwest Airlines. during the time
these policies were Implemented asking them for proof of their ability to do such things that violate basic human
rights and civil rights.  They refused to answer.  I gave them additional time to answer with a "NOTIC OF
DEFAULT"

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

they refused to address the Affidavit Of Proof. with a non=response which ultimately forced me to file a Federal Lawsuit for remedy, for miss informing me of the inform consent law of EUA; Title 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(I-III). The Management Staff of Southwest Airlines actions of forced an coerced me into a corporate type slavery. So the penalty for damages of $5 millions US Dallas is insignificance comparison to the enormity of the violations of said rights.

## V.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    *07-20-2022*

Signature of Plaintiff        *Paula: Conner*

Printed Name of Plaintiff     Paula: Conner

### B.      For Attorneys

Date of signing:    _____

Signature of Attorney       _____

Printed Name of Attorney    _____

Bar Number                  _____

Name of Law Firm            _____

Street Address              _____

State and Zip Code          _____

Telephone Number            _____

E-mail Address              _____

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

Paula Conner
Plaintiff,

v.

Gary C. Kelly, Chairman &
Chief Executive Officer;
Robert E. Jordan, Executive
Vice President & Incoming
CEO; Mike Van de Ven,
President & Chief Operating
Officer; Steve Goldberg, SVP
Operations & Hospitality; and
Sonya Lacore, Vice President
of Inflight Operations,
Defendants.

CASE NO:_____

Violations of
Default, 13th Amendment,
Emergency Usage Authorization (EUA) Title 21 U.S.C. §
360bbb-3(e)(1)(A)(ii)(I-III) of the Federal Food,Drug, and
Cosmetic Act,
Title 42 U.S. Code § 3617, Title 21 Code of Federal
Regulations Section 50.23, & 24: Coercion, Interference,
intimidations, Threats, to participate in a experiment:

U.S.C. 18 § 242, Deprivation of rights under the color of law

**COMPLAINT FOR VIOLATIONS OF LAW AND CONSTITUTIONAL CIVIL HUMAN RIGHTS, FOR MAKING MANIFEST THE PROHIBITED CONDITION OF INVOLUNTARY SERVITUDE BY COLOR OF LAW, UNLAWFUL COERCION AND INTIMIDATION;**

**DECLARATORY AND INJUNCTIVE RELIEF**

**FOR One and a Half Million Dollars ($1,500,000.00) IN DAMAGES for Violation of Ms. Paula Conner's Rights**

**Comes now, Paula Conner "A Living Soul", Plaintiff, who hereby files this *Complaint* for damages in the amount of One and a Half Million Dollars ($1,500,000.00) for violations of *Laws* and the Plaintiff's constitutionally secured *Rights* under the Thirteenth (13th) Amendment to the Constitution of the United States of America. The named Defendants have knowingly and willfully committed the alleged violations of the U.S. Constitution, the Plaintiff's *Rights* secured thereunder, and the written laws, by imposing and making manifest upon the Plaintiff's person the prohibited condition of *involuntary servitude.***

1.This is an employment-related action for violations of Plaintiff, Paula Conner's civil rights and contractual agreements that Plaintiff, Paula Conner attempted to resolve before filing suit in Federal Court.

2. The Defendants, Southwest Airlines Company: including **Gary C. Kelly,** Chairman & Chief Executive Officer, **Robert E. Jordan,** Executive Vice President & Incoming CEO, **Mike Van de Ven,** President & Chief Operating Officer, **Steve Goldberg,** SVP Operations & Hospitality, and **Sonya Lacore,** Vice President of Inflight Operations, instituted policies and demands that resulted in violations of the Plaintiff, Paula Conner's inalienable civil and human rights.

3. With **Gary C. Kelly** acting as CEO of Southwest Airlines Company, **Robert E. Jordan, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** informed all employees during the Covid-19 pandemic, including Plaintiff, Paula Conner, that she was mandated to participate in the wearing of medical masks for extended periods of time. These masks could damage Plaintiff, Paula Conner's immune system and cause irreparable damage that cannot be reversed.

4. With **Gary C. Kelly** acting as CEO of Southwest Airlines Company, **Robert E. Jordan, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** coerced and mandated employees during the Covid-19 pandemic, including Plaintiff, Paula Conner, to participate in taking an experimental drug under emergency use authorization (vaccine), without proper notice of Plaintiff, Paula Conner's right to decline at her own discretion for any reason that she deems necessary.

5. With **Gary C. Kelly** acting as CEO of Southwest Airlines Company, **Robert E. Jordan, Mike.Van de Ven, Steve Goldberg and Sonya Lacore,** refused to answer questions or communicate with Plaintiff, Paula Conner, even after she sent an "Affidavit of Proof" asking for proof of facts that were pertinent to the policies, which were enacted by them as Executive Leaders of Southwest Airlines.

**JURISDICTION AND VENUE**

This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law. This Court also has authority pursuant to 28 U.S.C. § 1343 because Plaintiff, Paula Conner, intervenes or seeks damages for violations of her Civil Rights.

6. This Court has jurisdiction over the subject matter and parties pursuant to violations of the Thirteenth (13th) Amendment by forcing or requiring Plaintiff, Paula Conner, to perform actions against her will and best interest, as in to corporate slavery.

7. This Court has jurisdiction over the subject matter and parties pursuant to U.S.C. 18 § 242, Deprivation of rights under the color of law.

8. This court has jurisdiction over the subject matter and parties pursuant to 42 U.S.C. § 1981, Equal Rights under the Law.

9. This court has jurisdiction over the subject matter and parties pursuant to 42 U.S.C. § 1981, which derives from Section 1 of the 1866 Civil Rights Act. The statute establishes that certain rights are to be guaranteed to all citizens of the United States, and these rights are to be protected against impairment by non-government and state discrimination.

10. This court has jurisdiction over the subject matter and parties pursuant 21 U.S. Code § 360bbb-3 - Authorization for medical products for use in emergencies "Must have the option to refuse with Informed Consent."

11. This Court has Jurisdiction over the subject matter and parties pursuant to Title 21 Sec. 50.20 "No investigator may involve a human being as a subject in research covered by these regulations unless the investigator has obtained the legally effective informed consent of the subject or the subject's legally authorized representative. An investigator shall seek such consent only under

circumstances that provide the prospective subject or the representative sufficient opportunity to consider whether or not to participate and that minimize the possibility of coercion or undue influence. The information that is given to the subject or the representative shall be in language understandable to the subject or the representative. No informed consent, whether oral or written, may include any exculpatory language through which the subject or the representative is made to waive or appear to waive any of the subject's legal rights, or releases or appears to release the investigator, the sponsor, the institution, or its agents from liability for negligence.

## PARTIES

1. **DEFENDANTS: Southwest Airlines Company: Gary C. Kelly:** Served as CEO from 2004–2022; **Robert E. Jorden:** CEO since February 1, 2022 July 2017-Present; **Mike Van de Ven:** President/COO, TENURE AT CURRENT POSITION September 2021-PRESENT; **Steve Goldberg:** SVP November 7, 2017-Present; and **Sonya Lacore:** VP of Inflight Operations November,15-Present. of Southwest Airlines.

2. **PLAINTIFF: Paula Conner**, an airline flight attendant since November 16, 2001 for Southwest Airlines.

## NATURE OF THIS ACTION

1. This claim is brought pursuant to the Thirteenth (13th) Amendment which states "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction". U.S.C. 18 § 242, Deprivation of rights under the color of law., and 42 U.S.C. § 1981, Equal Rights under the Law; 21 U.S. Code § 360bbb–3 - Authorization for medical products for use in emergencies. Must have the option to refuse with Informed Consent; 42 U.S.C. § 1981, which derives from Section 1 of the 1866 Civil Rights Act. The statute establishes that certain rights are to be guaranteed to all citizens of the United States, and these rights are to be protected against

impairment by nongovernment and state discrimination. Title 21 Sec. 50.20 It is illegal to make anyone participate in an experimental program using Coercion.

2. Plaintiff, Paula Conner, seeks injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages, and litigation expenses as remedies for Defendants, **Southwest Airlines Company: Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore's** violations of her Federal statutory as well as common law rights.

3. Plaintiff, Paula Conner, also seeks payment from Defendants, **Southwest Airlines Company: Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore** for the penalty that was agreed upon with their non-response and tacit acquiescence in the Caveat of the Affidavit lawfully sent to them on January 31, 2022 (See Exhibit 1 and Exhibit 2).

4. Through this Complaint, Plaintiff, Paula Conner, seeks remedy from this court, in all the matters presented to Defendants, **Southwest Airlines Co, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg, Sonya Lacore,** in which their response time was in default per their Demand Letters dated March 14, 2022. (See Exhibit 3)

## STATEMENT OF FACTS

1. On or about the date of January 20, 2021, a "virus" called Covid-19 entered America. After this date life would begin to change for all Americans. Throughout the next few months, the fear of Covid-19 had gripped the collective population with trepidation and uncertainty. Soon after, countries locked their borders, and the people of planet earth were told to go home and social distance from each other.

2. On May 11, 2021, Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** created a policy for all employees to wear facemasks, with no clinical proof that face masks could provide any

protection against a virus or Covid-19. This was done without consultation with their employees. If any employee refused to wear or were caught not wearing facemasks, they were told to either wear them or be faced with disciplinary actions. Masks, while providing only cosmetic protection against a virus that is 0.21 microns in size, cannot be stopped by a mask that is constructed to only stop viruses above 40 microns. Masks restrict the employees of vital oxygen, fresh air and cause damage to the immune systems of the wearers, this has been proven in numerous case studies. FAA, TSA, CDC Security Directives states; *"Persons who are experiencing difficulty breathing or shortness of breath or are feeling winded may remove the mask temporarily until able to resume normal breathing with the mask."* (*The person with the issue* determines when they are recovered, *NOT* the government, TSA, FAA, airlines, aircrew, other passengers, etc.) (See Exhibit 4)

3. Regardless of the risks of harm, Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** continued to force the policies on its employees until April 18, 2022, when a Federal Court ruled the ending of mask mandates. Prior to this ruling, Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** was sent an "Affidavit of Proof" by the Plaintiff, Paula Conner, to provide factual evidence that masks worked in preventing the transmission of the Covid-19 virus. The Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** refused to answer or communicate with Plaintiff, Paula Conner, or answer the "Affidavit of Proof", and the "Default Notification of Non-response" was received by Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** on March 07, 2022. (See Exhibit 1 and Exhibit 2).

4. By tacit acquiescence, Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** violated U.S.C. 18 § 242, Deprivation of rights under the color of law, and 42 U.S.C. § 1981, Equal Rights under the Law. Furthermore, by default, the Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** violated the Thirteenth (13th) Amendment for forcing Plaintiff, Paula Conner, to do something against her will that would cause irreparable damage to her immune system and her health.

5. Plaintiff, Paula Conner, was given a deadline date of November 24, 2021, to become fully vaccinated or request a medical or religious accommodation. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** repeated harassments, discriminations, fact-finding meetings, and Written Warnings as threats to Plaintiff, Paula Conner, per company mask policy. (See Attached Exhibit 5)

6. To incentivize employees that were fully vaccinated, Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** extended the vaccination participation pay program to November 24, 2021, to reward employees with sixteen (16) hours of extra pay and thirteen (13) trips per pay for pilots and flight attendants.

7. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore's,** policy demanding that employees share their vaccination status by uploading the vaccination record card violated Plaintiff, Paula Conner's rights under HIPAA that include privacy and security.(See Exhibit 8)

///

**Complaint 1**

1. Because of Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore's** position, it is their duty and obligation to address the issues presented to them regarding the concerns of Southwest Airlines' employees. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** were negligent in performing their duties and by default put all employees at risk and in danger of causing bodily harm with the implementation of mask mandates and vaccine requirements.

2. It is the duty of Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** to investigate and inform their employees of the risks and dangers of any policies that could affect the employees in an adverse or negative way. If the risks outweigh the benefits of such policies, as stated in the FAA, TSA, CDC Security Directives. It is the inalienable rights of the employees to make the decision for themselves without coercion or penalty. (See Exhibit 4)

3. No attempt by Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** was made to offer responsibility or liability in case any of their employees would be injured from the policies that they signed and were to be implemented by Southwest Airlines.

4. By making a policy that coerced and required Plaintiff, Paula Conner, to wear a mask and /or be vaccinated or face disciplinary actions, Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and**

**Sonya Lacore,** violated U.S.C. 18 § 242, Deprivation of rights under the color of law, and 42 U.S.C. § 1981, Equal Rights under the Law.

5. And by default, Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** violated the Thirteenth (13th) Amendment of the United States for implementation of policies that requires the Plaintiff to adhere to, against her will and best interests.

6. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** violated 21 U.S. Code § 360bbb–3 – "Authorization for medical products for use in emergencies," for not informing the Plaintiff that it was the Plaintiff's right to be informed or to consent to any product used under the Emergency Use Authorization,

## Complaint 2

1. Plaintiff, Paula Conner, DID NOT wish to participate in an experimental drug program or a medical device (Mask) under Emergency Use Authorization.

2. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** used their position as executive leaders of Southwest Airlines to create a policy that employees were to be vaccinated, wearing a mask, or penalties such as demotion, loss of wages, discrimination, or termination would be the result of any non-compliance.

3. As an employee Plaintiff, Paula Conner's medical rights were trespassed, because of these policies, by requesting Plaintiff Paula Conner's vaccination status and being forced to wear a face mask.

4. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore's** policy mandates caused Plaintiff, Paula Conner, to have emotional and physical stress, as well as pain, that forced Plaintiff to seek mental counseling, and help from her primary care Doctor to help cope with the numerous conditions and the constant threats of losing her job. (See Attached Exhibit 6)

5. At NO time was Plaintiff, Paula Conner, told the risks of taking an experimental drug called Covid-19 vaccine, or the debilitating health condition from wearing the mask.

6. Plaintiff, Paula Conner, found answers from numerous venues like the government site of VAERS which stands for Vaccine Adverse Event Reporting System only by researching and seeking out additional information. (See Exhibit 7)

7. On this site, there are thousands of adverse conditions that Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** omitted when making the policies, or willfully concealed on behalf of decisions. VAERS has reported thousands of deaths from the experimental vaccine and there is no publication or warning given by Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** in their policies for Southwest Airlines to require employees to be vaccinated.

8. This decision made by Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** has forced Plaintiff, Paula Conner, to take legal action. After Plaintiff, Paula Conner, exhausted administrative remedy.

///

9. By willfully omitting any information that the Vaccines are not safe and effective for all or masks are harmful to a person's health, Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** violated Plaintiff, Paula Conner's human and civil rights according to U.S.C. **18** § 242, Deprivation of rights under the color of law, and 42 U.S.C. § 1981, Equal Rights under the Law.

10. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** violated the Thirteenth (13th) Amendment of the United States, for implementation of policies that requires Plaintiff, Paula Conner, to adhere against her will and best interests. This is akin to corporate slavery.

11. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** violated 21 U.S. Code § 360bbb–3 - Authorization for medical products for use in emergencies requires informed consent of the risk factors including the contraindications between other medications and/or herbal supplements.

**Complaint 3**

1. Plaintiff, Paula Conner, asked Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** for a copy of the signed employee agreement/contract that was initiated when Plaintiff was accepted and hired as a Flight attendant for Southwest Airlines.

2. The Reason for this was to prove that Plaintiff, Paula Conner, had not signed an employer/employee contract that stated that in a National Emergency or any Emergency,

she would forfeit her inalienable Civil and human rights to Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore**.

3. Plaintiff, Paula Conner, has not received any copy or any original signed copy of her employee contract to this day.

4. Either Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** know that a violation of the Plaintiff, Paula Conner's employee contract agreement could force them to remove or vacate the policies implemented by a called pandemic, or they are willfully committing a violation and refuses to show cause for their actions.

5. This is a direct violation of Commercial Law of Contracts, and violations of U.S.C. **18** § 242, Deprivation of rights under the color of law, and **42** U.S.C. § 1981, Equal Rights under the Law. And by default, Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** violated the Thirteenth (13th) Amendment of the United States, for implementation of policies that requires Plaintiff, Paula Conner, to adhere against her will and best interests. This is akin to corporate slavery.

**Complaint 4**

1. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** instituted policies of coercion and threats of punishment, if Plaintiff, Paula Conner refused to take part in an experimental Emergency Use Product called the Covid-19 vaccine and Mask (See Exhibit **8**)

2. The policies are proof that Defendants, **Southwest Airlines Company, Gary C. Kelly,**

**Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore** violated Title 21 Sec. 50.20 where it clearly states "that it is illegal to make anybody participate in an experimental program using Coercion or for any reason without the informed consent of the Plaintiff. No investigator may involve a human being as a subject in research covered by these regulations unless the investigator has obtained the legally effective informed consent of the subject or the subject's legally authorized representative. An investigator shall seek such consent only under circumstances that provide the prospective subject or the representative sufficient opportunity to consider whether to participate and that minimize the possibility of coercion or undue influence. The information that is given to the subject or the representative shall be in language understandable to the subject or the representative. No informed consent, whether oral or written, may include any exculpatory language through which the subject or the representative is made to waive or appear to waive any of the subject's legal rights, or releases or appears to release the investigator, the sponsor, the institution, or its agents from liability for negligence."

3. The Only exceptions are explained in Title 21 Sections 50.23, and 50.24 in which the Plaintiff, Paula Conner, does not meet the requirements explained therein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Plaintiff, Paula Conner, swears and affirms that she attempted to resolve this matter between her and Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** in a private manner.

2. On January 31, 2022, Plaintiff, Paula Conner sent Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and**

**Sonya Lacore,** an Affidavit of Proof asking each one of the Defendant's to provide facts and proof about the issues in this complaint.

3.  The Affidavit of Proof was sent to Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** giving them Twenty-One (21) days to answer ALL the points made in said Affidavit.

4.  Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** did not answer the Affidavit and defaulted by tacit acquiescence to all the terms listed in the Caveat of the Affidavit.

5.  No communication from Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** was sent by letter, email, or phone. So, Plaintiff was only left with one recourse and that was to initiate a lawsuit to get Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** to answer my concerns.

**FIRST CLAIM FOR RELIEF**
**Violation under U.S.C. 18 § 242, Deprivation of rights under the color of law**

This law states: "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, ... shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts

14

committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death."

1. Plaintiff, Paula Conner, incorporates this law by reference of the claims contained in Title: Complaint 1, 1- 4.

2. U.S.C. 18 § 242, Deprivation of rights under the color of law states that: "Whoever under the color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State to the deprivation of any rights shall be fined under this title or imprisoned not more than one year or both". It could be said that the Vaccine and masks could be a dangerous weapon as stated in the law, and unsafe for some flight crew per the FAA, TSA, CDC Security Directives.

3. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** willfully and knowingly put forth policies that ignored Plaintiff, Paula Conner's civil and human rights with the implementation of mandatory policies that disregard her civil rights and human right, not to be forced to give up autonomy of what she approves to be in the best interest of her health and her body.

4. Corporate policies cannot violate the basic civil and/or human rights granted to us from birth as a human being.

5. This conduct was severe, pervasive and intrusive. The very act of exposing Plaintiff, Paula Conner's medical privacy to Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** is a violation of The Privacy Rule, a federal law, provides rights over your health information and sets rules and limits on who can look at and receive your health information.

6. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore's** unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff, Paula Conner's civil rights and human rights.

7. For this violation, Plaintiff, Paula Conner, is seeking relief for the Court Limit of Three Hundred Thousand Dollars ($300,000.00) and punitive damages in the amount of Five (5) times the Court Limit of Three Hundred Thousand Dollars ($300,000.00) for a total of One and a Half Million Dollars ($1,500,000.00) and court costs.

### Second Claim of Relief
### Violations of the Thirteenth (13TH) Amendment

THIS AMENDMENT STATES THAT: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

1. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** committed Violations of the Thirteen (13th) Amendment that are noted in the Complaints.

2. In each of the above complaints, Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** willfully ignored the ramifications of their implemented policies for Southwest Airlines. In essence and reality, requiring a person to perform a duty that is against the will and well-being of that person is a form of slavery and servitude.

3. Corporations and Individuals such as Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** are restricted by Law to enforce a culture of slave like policies that demand free human beings to be subjected to

any type of force or coercion that results in requiring a performance that is against the will of that person.

4. Plaintiff Paula Conner, in this case had only two (2) options: To be forced to accept the policies of wearing masks and or take an experimental drug called a vaccine that did not guarantee any beneficial results that Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore** claim. Plaintiff could still get Covid-19 whether she wore a mask every day for hours, which could cause irreparable damage, or take an experimental Emergency Use Authorized vaccine, that did not prevent the transmission or infection from the Covid-19.

5. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** were either ignorant of this fact or knowledgeable and enforced it upon the Plaintiff, Paula Conner, with no regards to the efficacy of the products in the policies. "Ignorance of the law is NO excuse"

6. **Defendant, Gary C. Kelly** did know that Vaccination and Mask wearing policies did not obtain any policy objective, because the **Defendant, Gary C. Kelly,** argued for lifting the onboard mask mandate at a Senate hearing, and soon after tested positive for COVID-19 "after returning home, experiencing mild symptoms, and taking a PCR test," the company said in the statement, noting the executive is fully vaccinated and has received a booster. (See Exhibit **8**)

7. This fact alone should be enough proof that Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** knew that masks and vaccines did not work fully and that the policies to Vaccinate and mask all employees was a failed objective of the policies implemented by Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore**.

8. The Thirteenth (13th) Amendment covers all forms of slavery, which includes policies of corporations that force employees to perform a duty that is against the free will and autonomy over their health and body.

9. For the Violations of the Thirteenth (13th) Amendment, and because Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore's** unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff, Paula Conner's human and civil rights that resulted in a slave like environment, Plaintiff, Paula Conner is seeking the maximum of Three Hundred Thousand Dollars ($300,000.00) in Compensatory damages.

10. For the Violations of the Thirteenth (13th) Amendment, and because Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore's** unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff Paula Conner's human and civil rights, that resulted in a slave like environment, causing emotional and psychological pain, and loss of wages, Plaintiff, Paula Conner is seeking One and a Half Million Dollars ($1,500,000.00) in Punitive damages.(See Exhibit 6 & 9)

### Third Claim for Relief
### 21 U.S. Code § 360bbb–3 - Authorization for medical products for use in emergencies.

1. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** violated this Law because the policies created by Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** never addresses the Vaccine or the masks as experimental products being used under an Emergency Use Authorization, which make the products "experimental" in nature and fact.

2. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** did not inform Plaintiff, Paula Conner, that the policies were made for the implementation of an experimental drug called a vaccine for Covid-19, which would require informed consent be published to offer the Plaintiff the option of refusal or acceptance.

3. FDA's guidance on emergency use authorization of medical products requires the FDA to "ensure that recipients are informed to the extent practicable given the applicable circumstances … That they have the option to accept or refuse the EUA product …"

4. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** did NOT inform Plaintiff, Paula Conner, of such requirements; and instead instituted a "Vaccine Mandate" that affected Plaintiff, Paula Conner, without informed consent.

5. For the Violations of the 21 U.S. Code § 360bbb–3 - Authorization for medical products for use in emergencies.

6. Plaintiff, Paula Conner, is seeking the maximum of Three Hundred Thousand Dollars ($300,000.00) in Compensatory damages

7. Not being informed, caused Plaintiff, Paula Conner, emotional stress, psychological pain, loss of wages, fear of losing her Job from the discrimination, constant harassment from Southwest Airline management and colleagues caused by a hostile, friction, work environment between the vaccinated and non-vaccinated, in which the Plaintiff, Paula Conner, was a member of the latter group.

8. Plaintiff, Paula Conner, is also seeking Five Hundred Thousand Dollars ($500,000.00) in Punitive Damages, for the emotional distress of not being informed by Defendants, **Southwest**

**Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** in their capacity as executive leaders of Southwest Airlines.

### Fourth Claim for Relief
### Agreement by Tacit Acquiescence by Non-Response of Affidavit

"Indeed, no more than an affidavit is necessary to make a prima facie case." (United States v. Kis, 658 F.2nd, 526,536(7th Cir.1981); Cert. Denied, 50 U.S. L.W. 2169; S. Ct. March 22, 1982)

1.Plaintiff, Paula Conner sent Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** a certified Affidavit seeking Proof of Claims and Proof of Facts, in regard to the policies that Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** imposed upon Plaintiff, Paula Conner, as an employee of Southwest Airlines on January 31st, 2022.

2. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** were given Twenty-One (21) Days to answer the Affidavit.

3. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** DID NOT answer all the Caveat in the Affidavit.

4. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** were sent a Notice of Default on March 2, 2022.

5. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** were given an additional Fifteen (15) days to answer the Default.

6. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** DID NOT respond to the Default in the appropriate time.

7. Plaintiff, Paula Conner, attempts to solve the matters included in this case that were ignored and she exhausted all of her administrative remedies before filing a lawsuit.

8. Commercial Law states that an "unrebutted affidavit stands as truth in law and in any court".

9. Commercial Law states that an "unrebutted affidavit stands as judgment in law"

10. Plaintiff, Paula Conner, put forth a Caveat to Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** that said if Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** did not answer or contest the points in the affidavit, with verifiable proofs sworn on their liability, and that if Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** defaulted, the terms of the Caveat would be a lawful agreement between the parties.

11. Plaintiff, Paula Conner, has the right to justice and remedy and to use the court to seek payment for the default by Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** in this case.

12. Plaintiff, Paula Conner, is seeking that ALL terms listed in the Caveat and the Default judgment be honored.

13. Plaintiff, Paula Conner, is seeking the amount of Five Million Dollars ($5,000,000.00) be honored and paid to Plaintiff, Paula Conner, as per the default agreement listed in the Caveat of

the affidavit.

### Fifth Claim for Relief
### Violations of Title 21 Sec. 50.20

1. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,vvvv** instituted policies that directly violated the law as per Title 21 Sec.50.22. The Law states that no one can be forced or coerced into taking part in any experimental program or experimental vaccine without verifiable informed consent and information, Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** must assume liability if such actions occur.

2. By installing a policy that required Plaintiff Paula Conner to either be vaccinated or apply for accommodations, it placed Plaintiff Paula Conner in a situation that caused her immense emotional pain and suffering. (See Exhibit 6)

3. As for applying for any accommodation, Plaintiff Paula Conner states that applying for such accommodation is moot when according to the Law; no one can be forced or coerced into participating in any experimental program without the Plaintiff's permission or informed consent.

4. The Covid – 19 Vaccine was approved for testing under an Emergency Use Authorization for an experimental drug that included mRNA Gene alteration. It had the potential to alter Plaintiff Paula Conner's immune system. (see exhibit 16 Pfizer Confidential Cumulative Analysis of Post-Authorization Adverse Event Reports.)

5. Whether it does, or not, is irrelevant, because it is the Plaintiff's inalienable right to choose to participate in any such experiment.

6. It is the responsibility of Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** to provide Plaintiff,

Paula Conner, with all the information of any experimental drug called a vaccine under Emergency Use Authorization. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** DID NOT offer Plaintiff Paula Conner any informed consent and only offered accommodations that left it up to the company to approve. Thus, it was not a choice of Plaintiff Paula Conner, but a decision by Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** which in the end, would decide if Plaintiff, Paula Conner, had to take the experimental drug and participate in an experiment conducted by the FDA through Southwest Airlines.

7. Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** are liable for their reckless disregard of Plaintiff Paula Conner's civil and Human Rights and the law.

8. Plaintiff, Paula Conner, is seeking the court maximum of Three Hundred Thousand Dollars ($300,000.00) for this violation, plus Two Million Dollars ($2,000,000.00) for pain and suffering.

**Sixth Claim for Relief**
**42 U.S.C. § 1981, Equal Rights under the Law**

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

1. Plaintiff, Paula Conner, signed an agreement and employee contract with Southwest Airlines that does not state that she was giving up her inalienable rights to Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and**

**Sonya Lacore**.

2. Plaintiff, Paula Conner, at this time would like the Court to enforce the terms of said employee contract, according to the terms and conditions listed in the contract, at the time the original contract was signed November 2001.

3. The Law states that it is the Plaintiff's right to sue and make Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** uphold the terms of the original contract in which no agreement therein was made to allow Southwest Airlines change or alter the contract in case of an emergency or pandemic.

4. Plaintiff, Paula Conner, would like to petition the court to order Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** to produce a valid employee contract that states that Plaintiff, Paula Conner, has willingly and lawfully given up her civil and human rights to Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** in event of any emergency or pandemic.

5. This Contract would have to be a valid contract that consists of: A. Offer and Acceptance of both parties. B. Lawful Consideration C. Legality (nothing in said contract could violate the signer's civil or human rights.)

6. Plaintiff, Paula Conner, contends that no such agreement or contract exists.

7. For the Violation of 42 U.S.C. § 1981, Equal Rights under the Law.

8. Plaintiff, Paula Conner, is seeking the court maximum of Three Hundred Thousand Dollars ($300,000.00).

9. Plaintiff, Paula Conner, is seeking Punitive Damages of One and a Half Million Dollars

($1,500,000.00) for the Violation of 42 U.S.C. § 1981, Equal Rights under the Law.

## DECLARATORY RELIEF ALLEGATIONS

1. A present and actual controversy exists between Plaintiff, Paula Conner, and Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** concerning their rights and respective duties.

2. Plaintiff, Paula Conner, contends that Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** violated her rights under the Thirteenth (13th) Amendment, U.S.C. 18 § 242, Deprivation of rights under the color of law., and 42 U.S.C. § 1981, Equal Rights under the Law; 21 U.S. Code § 360bbb–3 - Authorization for medical products for use in emergencies. Must have option to refuse with Informed Consent; 42 U.S.C. § 1981, which derives from Section 1 of the 1866 Civil Rights Act. derives from Section 1 of the 1866 Civil Rights Act. The statute establishes that certain rights are to be guaranteed to all citizens of the United States, and these rights are to be protected against impairment by nongovernment and state discrimination. Violations of Title 21 Sec. 50.20, informed consent or right to refuse to participate in any experimental program, and Southwest Airline management participated in a  Criminal conspiracy; violates 18 USC § 175, 15 USC § 1-3, and 15 USC § 8)

3. Plaintiff, Paula Conner, contends that Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** came to Agreement by Tacit Acquiescence by default under Commercial Law by refusing to answer ALL the Caveat of the Affidavit of Proof.

4. Plaintiff, Paula Conner, seeks a judicial declaration of the respective rights and duties of the parties.

5. No plain, adequate, or complete remedy at law is available to Plaintiff, Paula Conner, to redress the wrongs alleged herein.

## INJUNCTIVE RELIEF ALLEGATIONS

1. No plain, adequate, or complete remedy at law is available to Plaintiff, Paula Conner, to redress the wrongs alleged herein.

2. If this Court does not grant the injunctive relief sought herein, Plaintiff, Paula Conner, will be harmed with no available remedy for relief from Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore.**

## PRAYER FOR RELIEF

1. Plaintiff, Paula Conner, prays this Court:

A. Grant judgment in favor of Plaintiff, Paula Conner, for the violations of her civil, human and Commercial Law rights as pertaining to the Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore's** violations of the Thirteenth (13th) Amendment, U.S.C. 18 § 242, Deprivation of rights under the color of law., and 42 U.S.C. § 1981, Equal Rights under the Law; 21 U.S. Code § 360bbb–3 - Authorization for medical products for use in emergencies. Must have option to refuse with Informed Consent; 42 U.S.C. § 1981, which derives from Section 1 of the 1866 Civil Rights Act. derives from Section 1 of the 1866 Civil Rights Act. The statute establishes that certain rights are to be guaranteed to all citizens of the United States, and these rights are to be protected against impairment by nongovernment and state discrimination. Violations of Title 21 Sec. 50.20, informed consent or right to refuse to participate in any experimental program, and Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya**

**Lacore,** participated in a criminal conspiracy; violates 18 USC § 175, 15 USC § 1-3, and 15 USC § 8) ( See exhibit 15)

B. Enjoin Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** its officers, agents, employees, to stop forcing experimental drugs called vaccines with coercion and penalties that violate their basic Civil and Human rights per Title 21 Sec. 50.20 where it clearly states "That it is illegal to make anybody participate in an experimental program using Coercion or for any reason without the informed consent of the Plaintiff. No investigator may involve a human being as a subject in research covered by these regulations unless the investigator has obtained the legally effective informed consent of the subject or the subject's legally authorized representative. An investigator shall seek such consent only under circumstances that provide the prospective subject or the representative sufficient opportunity to consider whether to participate and that minimize the possibility of coercion or undue influence. The information that is given to the subject or the representative shall be in language understandable to the subject or the representative. No informed consent, whether oral or written, may include any exculpatory language through which the subject or the representative is made to waive or appear to waive any of the subject's legal rights, or releases or appears to release the investigator, the sponsor, the institution, or its agents from liability for negligence."

C. For a declaration that Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore's,** actions, policies, and practices as alleged herein are unlawful.

D. That Corporations managed by human beings, such as Defendants, **Southwest Airlines Company, Gary C. Kelly, Robert E. Jorden, Mike Van de Ven, Steve Goldberg and Sonya Lacore,** cannot use Corporations as a shield for unlawful activity against their employees and that

1    the ones making the decisions be held accountable for their actions.

2
           E. For compensatory damages for Plaintiff, Paula Conner, listed in the claims for relief in
3
4    this case.

5
           F. For Punitive damages for Plaintiff, Paula Conner's emotional pain and suffering, in an
6
7    amount that is requested in the Claims for Relief listed in this case.

8
           G. For such other and further relief as this Court deems just and proper.
9

10
     I, the undersigned Affiant, declare under penalty of perjury that the facts presented in the complaint
11   herein are true and correct to the best of my belief and knowledge.

12   Further Affiant sayeth not. I now affix my autograph to these affirmations of fact:

13   

14   By: *Paula Conner*          Date: *07-19-2022*

15   [American State National] Seal                              Autograph

16   The foregoing was subscribed and sworn to before me, a Notary Public,

17   of the State of ___Nevada___ , County of ___Clark___

18
19   this _19_ day of _July_, 20 _22_.
     *by Paula Jean Conner*
20   *Marcia Durso*
21   _____

22   Notary Public

23   My Commission Expires On: _01.22.23_

24

25   MARCIA DURSO
     Notary Public - State of Nevada
26   County of Clark
     APPT. NO. 19-3725-01 AMENDED
27   My App. Expires Jan. 22, 2023

28

                                    28

1

2

### CERTIFICATE OF SERVICE

I, Paula Conner, certify that a true copy of the attached *Complaint* has been served via

3

Certified Mail to the Southwest Airlines provided email address subpoena@wnco.com to the

4

following:

5

6

7   Southwest Airlines Company;
Gary C. Kelly;

8   Robert E. Jorden;
MikeVan de Ven;

9   Steve Goldberg; and
Sonya Lacore.

10

2702 Love Field Drive HDQ 1EO
11   Dallas TX, 75235

12   **Certified Mail Receipt:** 7014-2120-0000-2715-4730

13

14

15   Paula Conner, *Pro Se*
C/O 6170 South Boulder Highway, Apt. 2080

16   Las Vegas NEVADA [89122-7718]

17

July 19, 2022

18

19

20

21

22

23

24

25

26

27

28